UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURENA PARKER,

    Plaintiff,

vs.                                               Case No. 8:18-CV-1197

SOUTHWEST AIRLINES CO.,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, SOUTHWEST AIRLINES CO. ("Southwest"), by and through its undersigned counsel, hereby moves this Court for an Order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, Defendant states as follows:

### I.    INTRODUCTION

Plaintiff LAURENA PARKER has filed this lawsuit against Southwest, asserting claims against it for violation of 42 U.S.C. §1981 and 42 U.S.C. §2000d. Plaintiff alleges that Southwest intentionally discriminated against her based on her race during a December 2017 flight from Las Vegas to Tampa. However, Plaintiff's factual allegations do not support such a claim. Plaintiff's own subjective feeling of racial discrimination do not meet the legal standard for maintaining such claims. Additionally, Southwest did not impair Plaintiff's right to enforce her contract with it as she was transported on her flight. Consequently, this Court should dismiss Counts I and II of the Complaint.

### II.    ALLEGED FACTS OF CASE

Plaintiff alleges the following: Plaintiff is a 71 year old African-American woman. (Pl.'s Compl. ¶18). She purchased a ticket for air travel on Southwest flight 551 from Las Vegas to

Tampa scheduled for December 11, 2017. (*Id.* ¶19-20). On that date, she boarded her flight and proceeded to look for an open seat. (*Id.* ¶20-21). Southwest has an "open boarding" policy. (*Id.* ¶21). Plaintiff saw an unoccupied window seat and she confirmed with a Southwest flight attendant named Carmen that the seat was available. (*Id.*).

The other two seats in that row were occupied by a Caucasian couple. (*Id.* ¶22). As Plaintiff sat down, the woman in the row "started screaming and holding her nose stating that she was allergic to Plaintiff." (*Id.*). The woman also stated that Plaintiff could not sit in the open window seat and needed to move. (*Id.*). When Plaintiff responded that she had been told that the seat was open and did not want to move, the male Caucasian passenger in the row yelled "Shut the f**k up and move!" (*Id.* ¶23).

Carmen, the flight attendant, then addressed them and denied that she had told Plaintiff that she could take the window seat. (*Id.* ¶24). When Plaintiff protested, Carmen went to the cockpit and returned with another individual who identified himself as the co-pilot. (*Id.* ¶25). The co-pilot "commenced to lecture Plaintiff … about the dubious 'fact' that certain people are allergic to other people, and that therefore Plaintiff should find another seat." (*Id.*). When Plaintiff "hesitated before attempting to comply," she was escorted off the aircraft by the co-pilot and security." (*Id.* ¶26).

Plaintiff does not state that she was allowed back on the aircraft for her flight, but does alleged that her claim arises from Southwest's actions "during a December 2017 flight from Las Vegas to Tampa …." (*Id.* ¶5).

### III. MEMORANDUM OF LAW

#### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to assert certain defenses to a claim by motion, including the defense that Plaintiff has failed to state a claim upon which relief can be granted. While the court takes Plaintiff's allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Lopez v. Geico Cas. Co.*, 2013 WL 4854492 (S.D. Fla. Sept. 5, 2013); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citing *South Florida Water Mgm't Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996)). Plaintiff's obligations to provide grounds for their entitlement to relief requires more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Id.* at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.*

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations

are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

      **B.**      **Count I of Plaintiff's Complaint Fails to State an Actionable Claim**

Plaintiff's first cause of action purports to seek relief pursuant to 42 U.S.C.A. § 1981. That statute provides in relevant part:

> (a) Statement of equal rights
>
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined
>
> For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

In order to prevail on a claim under Section 1981, Plaintiff must establish: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). "Section 1981 does not provide a general cause of action for racial harassment that occurs during the contracting process." *Id.* at 892. Count I should be dismissed because Plaintiff has failed to properly allege the second and third elements of a Section 1981 claim

      **1.**      **Southwest Did Not Intentionally Discriminate Against Plaintiff Based On Her Race**

Plaintiff has failed to allege facts sufficient to support her claim that Southwest intended to discriminate against her based on her race.  "A successful § 1981 claim requires proof of intentional discrimination." *Lee v. Delta Air Lines, Inc.*, 38 F. Supp. 3d 671, 674 (W.D. Pa. 2014).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

In her Complaint, Plaintiff does not allege that any Southwest employee referred to her race in any way in handling the seating issues.  In fact, Plaintiff does not describe that anyone involved in the situation, including other passengers for whose remarks and actions Southwest is not responsible, referred to Plaintiff's race at all.  Presumably, had any such remarks been made, Plaintiff would have asserted them in the Complaint.  Despite the lack of such facts, Plaintiff subjectively describes the event as "racially charged." (Pl.'s Compl. ¶27).  She further alleges that she "reasonably understood the term [sic] the Caucasian woman's alleged allergy to the Plaintiff relate to her race and skin color." (*Id.* ¶30).  Such a subjective belief is insufficient to meet the pleading requirements of a Section 1981 claim.

Other courts have addressed claims such as this in an airline setting.  In *Adamore v. Sw. Airlines Corp.*, No. CIV.A. H-11-0564, 2011 WL 6301398 (S.D. Tex. Dec. 15, 2011), plaintiff sued Southwest under Section 1981 alleging disparate treatment from a Caucasian passenger based on her race.  There, after facing a variety of problems at the airport, the plaintiff missed her Southwest flight to Chicago where she was hoping to see her dying mother before she passed. *Id.* at *1.  When her flight had left, she asked Southwest personnel for assistance getting onto a later flight, but was unable to do so unless she paid additional money, which the plaintiff did not have.

Id. She explained to the Southwest agent that her mother was dying, but the agent insisted on charging the extra fare. *Id.* The agent offered to book the plaintiff on a flight the following day, but this was also unacceptable to the plaintiff. *Id.* Eventually, the agent demanded that the plaintiff leave the airport premises. *Id.* After leaving the airport, the plaintiff contacted Southwest and was able to secure a discounted ticket for the following day, though she did not reach her mother in time. *Id.* The plaintiff then sued Southwest after hearing a news report about Southwest's efforts to hold back a flight to accommodate a Caucasian passenger who was trying to reach his dying grandson. *Id.* at *2.

Southwest moved to dismiss the plaintiff's complaint and the district court granted that relief. *Id.* at *5. In so doing, it held: "Plaintiff's Amended Complaint does not state facts from which the Court may infer that any constitutionally or statutorily proscribed discrimination occurred. **Plaintiff's subjective belief that Defendants discriminated against her on the basis of race, sex, disability, or age, without specific facts pointing to impermissible bias as the motivation, is insufficient to maintain a claim of discrimination**…. Because Plaintiff does not plead any facts to suggest that race, sex, disability, or age had any connection to her treatment at the airport, Plaintiff's discrimination claims are subject to dismissal." *Id.* (emphasis added) (citing *Malik v. Continental Airlines, Inc.*, 305 F. App'x 165, 170 (5th Cir. 2008) (unsupported speculation that the airline's treatment of plaintiff was evidence of intentional discrimination, based only upon the fact that the plaintiff was a minority, is insufficient to support a plaintiff's discrimination claims; *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) ("a subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief"); *Wherry v. BBWS*, No. 7:09–CV–25–O, 2009 WL 513221, at *2 (N.D. Tex. Feb. 27, 2009) (holding that plaintiff's "mere suspicion or belief" of defendant's discriminatory intent is not enough to prevent

a motion to dismiss); *Drake v. St. Paul Travelers Ins.*, No. 6:08–CV–301, 2009 WL 815999 at *7–8 (E.D. Tex. Mar. 26, 2009) (holding that plaintiff's conclusory allegations were insufficient to state a claim because he offered no reason to suspect that the defendant's actions had anything to do with the plaintiff's protected class)).

Like in *Adamore*, Plaintiff in the instant case has not pled sufficient facts to establish that Southwest intentionally discriminated against her based on her race.  Her assertion that she "reasonably understood" a remark – and one not even made by a Southwest employee – to refer to race and skin color does not pass muster to assert this type of claim against Southwest.  Count I should be dismissed.

　　　　2.　　**Southwest Performed Its Contract with Plaintiff**

Plaintiff's claim under Section 1981 also fails because she cannot show that she was denied any contractual rights by Southwest. "A Section 1981 action must be based on intentional racial discrimination that affects at least one of the contractual aspects listed in Section 1981(b): to wit, the making and performance of a contract, and the enjoyment of all its benefits, privileges, terms and conditions. Thus, a Section 1981 claim requires a showing both of an *actus rea*—that is, a failure to perform a contractual obligation—and a *mens rea*—non-performance as a result of an intention to discriminate racially." *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1369 (N.D. Ga. 2002), aff'd, 97 Fed. Appx. 904 (11th Cir. 2004).

Even assuming that Plaintiff has sufficiently asserted intentional discrimination by Southwest, Plaintiff must still establish that her rights under Section 1981 were abridged by Southwest's alleged conduct.  In her Complaint, Plaintiff does not allege that Southwest failed to perform its contractual obligations to her – specifically, that it did not transport her from Las Vegas to Tampa.  Though she asserts in conclusory fashion that she was "denied the right to make and

enforce a contract," she also alleges that her claim arises from Southwest's actions "during a December 2017 flight from Las Vegas to Tampa …." (Pl.'s Compl. ¶1, 5). By her own allegations, however, Plaintiff shows that she was not prevented from enforcing her contract for air travel.

The Eleventh Circuit has analyzed the issue of alleged discriminatory treatment in an analogous retail setting – as opposed to the more common employment setting – in *Kinnon v. Arcoub, Gopman & Associates, Inc.*, 490 F.3d 886 (11th Cir. 2007). In that case, the plaintiff, who was African-American, ordered pizza delivery for a work function from the defendants. When the pizzas were still not delivered after two hours, the staff left to have lunch elsewhere. When the delivery person arrived with the pizzas, he was sent away without payment. Thereafter, the store manager left multiple hostile and racially-charged voice messages on the plaintiff's phone. *Id.* at 887. The messages included racial slurs, such as "piece of s**t n****r" and "n****r b***h," among others. *Id.* Despite these facts, the trial court granted summary judgment for the defendant.[1] On appeal, the Eleventh Circuit affirmed the ruling. It noted that though the pizzas were delivered late, the plaintiff's contract was successful and the offensive conduct did not impair her ability to make or perform the contract. *Id.* at 892. The court further noted that plaintiff's "exercise of her contractual rights" must be "in some way thwarted" in order to succeed on a claim under Section 1981. *Id.* at 892.

Here, while Plaintiff alleges she encountered difficulty upon boarding based on another passenger's actions toward her, Plaintiff does not assert that she was prevented from enforcing her contract with Southwest. Southwest transported her from Las Vegas to Tampa as it contracted to do. Under *Kinnon*, mere delay coupled with an alleged racial attack is insufficient to meet the

---

[1] While *Kinnon* involved a summary judgment appeal, the analysis is still instructive as to what a plaintiff must allege and, later, prove in order to avoid dismissal in this type of lawsuit.

statutory requirements. *See Lopez v. Virginia Win & Target Corp.*, No. 610CV1887ORL35KRS, 2011 WL 13174851, at *4 (M.D. Fla. Mar. 18, 2011), aff'd sub nom. *Lopez v. Target Corp.*, 676 F.3d 1230 (11th Cir. 2012). Consequently, Plaintiff cannot establish the third element of a claim under Section 1981 and Count I should be dismissed.

### C. Count II of Plaintiff's Complaint Fails to State an Actionable Claim

Count II of Plaintiff's Complaint seeks relief under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d. That statute states in full: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The Eleventh Circuit has held that a plaintiff must establish discriminatory intent in order to state such a claim. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1202 (11th Cir. 1999). For the same reasons outlined in Section B.1 above, Plaintiff has failed to allege discriminatory intent and Count II should likewise be dismissed.

Further, while Plaintiff alleges in conclusory fashion that "Southwest is the recipient of federal financial assistance," (Pl.'s Compl. ¶42), she does not assert any connection between that alleged funding and the alleged discrimination. To state a claim for a violation of Title VI, a "plaintiff must allege that: (1) [defendant] received federal financial assistance, (2) [plaintiff] was an intended beneficiary of the program or activity receiving the assistance, and (3) [defendant] discriminated against [plaintiff] on the basis of race, color, or national origin in connection with that program or activity." *Commodari v. Long Is. Univ.*, 89 F.Supp. 2d 353, 378 (E.D.N.Y. 2000), aff'd, 62 Fed.Appx. 28 (2d Cir. 2003). "A claim under Title VI cannot proceed without th[e] requisite nexus" between a federally funded program or activity and the alleged discrimination.

*James v. Am. Airlines, Inc.*, 247 F. Supp. 3d 297, 306 (E.D.N.Y. 2017) (dismissing a claim under Section 2000d for failure to make such an allegation).

In this case, Plaintiff fails to identify any federally funded program to support her claim. She therefore cannot and does not draw a connection between an unidentified program and the alleged discrimination. Without such nexus, Count II fails and should be dismissed with prejudice.

### III.  CONCLUSION

For all of the reasons outlined above, Plaintiff has failed to state causes of action for violation of either 42 U.S.C. §1981 or 42 U.S.C. §2000d. Defendant Southwest therefore respectfully requests that this Court dismiss all claims against it in this matter.

Respectfully submitted this 26th day of July, 2018.

>  /s/ Jeffrey M. James
> Jeffrey M. James
> Florida Bar No. 674885
> BANKER LOPEZ GASSLER P.A.
> 501 E. Kennedy Boulevard
> Suite 1700
> Tampa, FL  33602
> Tel:  (813) 221-1500
> Fax: (813) 222-3066
> Attorneys for Defendant
> service-jjames@bankerlopez.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished by e-service on July 26, 2018 to:  Gil Sanchez, Esq., BLACK ROCK TRIAL LAWYERS, 201 S. Westland Avenue, Tampa, FL  33601 (gil@blackrocklaw.com and litigation@blackrocklaw.com).

/s/ Jeffrey M. James
Jeffrey M. James
Florida Bar No. 674885
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard
Suite 1700
Tampa, FL  33602
Tel:  (813) 221-1500
Fax: (813) 222-3066
Attorneys for Defendant
service-jjames@bankerlopez.com