UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURENA PARKER,

      Plaintiff,

vs.                          Case No. 8:18-CV-01197-WFJ-CPT

SOUTHWEST AIRLINES CO.,

      Defendant.
_____/

**DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF
PLAINTIFF'S EXPERT WITNESS, GILBERT CARRASCO**

    Defendant, SOUTHWEST AIRLINES CO., ("Southwest") by and through its undersigned counsel, and pursuant to Federal Rule of Evidence 702, hereby files this Motion to Exclude Testimony of Plaintiff's Expert Witness, Gilbert Carrasco, and in support thereof states as follows:

1. This lawsuit is a discrimination action brought by Plaintiff LAURENA PARKER, against Southwest. Plaintiff alleges that Southwest ratified the harassment and discrimination of the Williamsons on a flight from Las Vegas, Nevada to Tampa, Florida in December 2017.

2. Plaintiff has disclosed Professor Gilbert Carrasco as an expert witness. Plaintiff intends to proffer him to testify in relation to whether Southwest intentionally discriminated against Plaintiff and the mental anguish Plaintiff allegedly suffered as a result.

3. Carrasco's deposition was taken June 24, 2019 and is being filed concurrently with this Motion. Carrasco has testified during his deposition that he: (1) has never previously testified as an expert witness in any capacity in a litigation context (Dep. of G. Carrasco, at 24:4-7); (2) did not review the deposition transcript of several key witnesses (id. in passim); and (3) is not a qualified medical doctor nor has any medical training (Id. at 105:10-16).

4. Pursuant to Federal Rule of Evidence 702, Carrasco is not qualified to testify competently as an expert regarding whether Southwest ratified intentional racial discrimination or whether Plaintiff has suffered any mental anguish. As such, the Court should exercise its gatekeeping authority under <u>Daubert</u>, <u>infra,</u> and its progeny, to exclude Carrasco's testimony.

## **MEMORANDUM OF LAW**

### A. Carrasco's testimony regarding intentional discrimination is a legal conclusion and unreliable

There is a three-part inquiry under to determine the admissibility of expert testimony in the Eleventh Circuit. <u>Hendrix ex rel. G.P. v. Evenflo Co., Inc.</u>, 609 F.3d 1183, 1194 (11th Cir. 2010). First, the expert must be qualified to testify competently regarding the matters he intends to address; second, the methodology by which the expert reaches his conclusions must be sufficiently reliable as determine by the sort of inquiry mandated in <u>Daubert</u>; finally, the testimony must assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. <u>Id.</u>; <u>Cordoves v. Miami-Dade Cty.</u>, 104 F. Supp. 3d 1350, 1357 (S.D. Fla. 2015). Under Federal Rules of Evidence 704, opinion testimony that is "otherwise admissible" depends on whether it will assist the trier of fact in either understanding the evidence or determining a fact at issue. <u>Wilson v. Pepsi Bottling Grp.</u>, 609 F. Supp. 2d 1350, 1360 (N.D. Ga. 2009). Expert testimony that consists of legal conclusions "cannot properly assist the trier of fact in either respect, and thus is not 'otherwise admissible.'" <u>Id.</u> Moreover, even is a witness is qualified as an expert regarding a particular issue, the process used by the witness in forming his expert opinion must be sufficiently reliable under <u>Daubert</u> and its progeny. <u>Whelan v. Royal Caribbean Cruises Ltd.</u>, 976 F. Supp. 2d 1328, 1331 (S.D. Fla. 2013) (citing <u>Quiet Tech. Dc-8, Inc. v. Hurle-Dubois UK Ltd.</u>, 326 F.3d 1333, 1342 (11th Cir. 2003).

In regards to the second prong of the inquiry, if an expert fails to consider other relevant record evidence then the expert's testimony cannot be admissible. See Cordoves, 104 F. Supp. 3d at 1360. An expert "is no human-lie detector; he cannot resolve any factual disputes." Schultz v. Gov't Emps'. Ins. Co., No. 1:15CV172-MW/GRJ, 2016 WL 8861701, at *1 (N.D. Fla. August, 12, 2016). When the façade of improper opinion is stripped away, and expert reports are merely just a summary of the facts in a light favorable to the plaintiff, the testimony is not helpful to a jury and therefore should not be admissible. See id. Industry norms such as custom, practices, and so on are helpful to the jury; matters not generally known to a law jury. Id. Further, testimony that is unreliable because the expert failed to take other interviews into account and offers an opinion on the ultimate issues of the case cannot be admitted. Martin v. City of Atlanta, 579 F. App'x 819, 827 (11th Cir. 2014).

Experts cannot testify to the legal implications of conduct; the court must be the jury's only source of law. Cordoves, 104 F. Supp. 3d at 1364; see also Fed. R. Evid. 702(a). Experts cannot testify as to whether a legal standard at issue is satisfied. Cordoves, 104 F. Supp. 3d at 1364; Burkhart v. Wash. Metro. Area Transit Auth., 112 F.3d 1207, 1212 (D.C. Cir. 1997). Additionally, if testimony uses a term that has a specialized legal meaning that is more precise than the lay understanding of the term, the testimony is an impressible legal conclusion. Cordoves, 104 F. Supp. 3d at 1364; Burkhart, 112 F.3d at 1213-14. A law professor who testifies to whether a particular group of religious peoples were considered non-white under section 1981 was considered a legal conclusion that was based on factual assumptions which were unreliable. Wilson, 609 F. Supp. 2d at 1360. Legal conclusions like these are ultimately reserved for the Court. Id.

In this case Carrasco mainly relied on the Plaintiff's deposition and the video thereof. He came to the legal conclusion that the "primary point at which Southwest Airlines adopted this same discriminatory conduct toward the plaintiff" was when the flight attended told the pilot that Plaintiff was "the problem". (Id. at 47:21-25). He goes on to testify that the actions of the flight attendant imputed racism to other personnel. (Id. at 53:21-25). He further testified that the flight attendant intentionally discriminated against the Plaintiff. (Id. at 61: 21-23; 67:16-19). As held in Cordoves, Carrasco cannot testify to the legal implications of conduct. This Court is the only source of law, not Carrasco. When viewing his report, the report, at best is just a summary of the facts in a light favorable to the Plaintiff, which is not admissible per Schultz. Additionally, Carrasco did not review the deposition video of a key witness, the flight attendant, and instead only viewed the Plaintiff's deposition video and took that as the irrebuttable truth. Because Carrasco did not consider this other key evidence, provided the legal implications of conduct, and merely provided a summary of the facts in the light most favorable to the Plaintiff his testimony cannot be admitted.

**B. Carrasco was not qualified to testify about the mental anguish Plaintiff allegedly felt**

"Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Invs. Inc. v. XL Specialty Ins. Co., 280 F.R.D. 653, 661 (S.D. Fla. 2012). The expert must be qualified to testify competently regarding the matters they intend to address. City of Tuscaloosa v. Harcros Chems. Inc., 158 F.3d 248, 562-53 (11th Cir. 1998). "[L]aw professors are obviously not experts when it comes to medical or psychological diagnoses." Panetti v. Quarterman, 551 U.S. 930, 970 (2007). In Panetti, the Supreme Court of the United States held that when a party relies on the opinions of a law professor regarding a medical or psychological

condition who only had a single 85-minute in person meeting was not sufficient to establish the underlying medical condition. Id. at 970-71.

Carrasco testified that the Plaintiff was "sleepless for two weeks," experienced "hyperactivity," her personality change stating that she was "no longer outgoing," had a "distrust of people," and that she had "avoidance" and "emotional detachment." (Id. at 90:19-23, 91:5-7). Carrasco also testified that he was not a medical doctor, had not received any medical training, and has never been a psychologist or a psychiatrist. (Id. at 105:10-16). Carrasco has no experience or training the in realm of mental anguish besides arguing for punitive and compensatory damages in court prior to this proceeding. (See id. 105:17-25, 106:1-25, 107:1). Furthermore, Carrasco has not testified in an expert capacity at all. (Id. 24:4-7).

Carrasco is not qualified to testify about the mental conditions or anguish that the Plaintiff felt. He has received no education in the medical or mental health field. (Id. 105:10-16). He has not even seen the Plaintiff in person, rather, he's only observed her through a videotaped deposition. (Id. 8:14-25, 9:4-25). Moreover, he is law professor, which the Supreme Court has explicitly held could not testify regarding medical or psychological diagnosis. See Panetti, 551 U.S. at 970. Therefore, Carrasco's testimony regarding mental anguish cannot be admitted.

Local Rule 3.01(g) Certification:  Undersigned counsel certifies that he has conferred with Plaintiff's counsel regarding this issue and counsel cannot agree to a resolution.

## CONCLUSION

WHEREFORE the Defendant respectfully requests that this Court grant Motion to Exclude Expert Testimony and prohibit Plaintiff's counsel from eliciting testimony from witness Gilbert Carrasco going to the issue of whether there was intentional discrimination and Plaintiff's mental anguish. Carrasco's report and testimony regarding intentional discrimination failed to consider

key witnesses, states legal conclusions for specific actions, and is unreliable. Moreover, Carrasco is not qualified to testify about mental or psychological conditions.

**WHEREFORE**, Southwest respectfully requests that the Court enter an Order precluding Carrasco's testimony in the present matter, and grant any other relief the Court deems appropriate.

                                              Respectfully submitted,

                                              */s/ Jeffrey M. James*
                                              Jeffrey M. James
                                              Florida Bar No. 674885
                                              BANKER LOPEZ GASSLER P.A.
                                              501 E. Kennedy Boulevard
                                              Suite 1700
                                              Tampa, Florida 33602
                                              Tel: (813) 221-1500
                                              Fax: (813) 222-3066
                                              Attorneys for Defendant
                                              Service-jjames@bankerlopez.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was this date filed and served by using the Florida Courts e-Filing Portal and pursuant to Rule 2.516(b)(1) has been forwarded by email to: Gil Sanchez, Esq., BLACK ROCK TRIAL LAWYERS, 201 S. Westland Avenue, Tampa, FL 33601 (gil@blackrocklaw.com and litigation@blackrocklaw.com) on this 15th day of July, 2019.

*/s/ Jeffrey M. James*
Jeffrey M. James
Florida Bar No. 674885
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard
Suite 1700
Tampa, Florida 33602
Tel: (813) 221-1500
Fax: (813) 222-3066
Attorneys for Defendant
Service-jjames@bankerlopez.com